```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**UNITED STATES OF AMERICA**

VS.                                          CRIMINAL NO. 3:06-cr-206-WHB

**MARTHA SMITH**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Martha Smith to Reconsider Order Dismissing Indictment ("Motion to Reconsider"). The Court has considered the Motion, Response, Rebuttal, as well as supporting and opposing authorities and finds that the Motion is not well taken and should be denied.

### I.  Procedural History

On November 17, 2006, Defendant Martha Smith ("Smith") was indicted on one count of intentionally trafficking counterfeit goods in violation of 18 U.S.C. § 2320(a). On January 31, 2007, Smith filed a Motion in Limine seeking to exclude certain testimony and/or documents at trial. On February 1, 2007, counsel for Smith was informed by Assistant United States Attorney Mike Hurst that "additional matters have come to my attention that require further investigation of your clients ... which may warrant additional charges." See Objection to Dismissal and Demand for Speedy Trial [Docket No. 20], Ex. A.  Counsel for Smith was also notified that

the Government intended to move to dismiss the Indictment to permit further investigation of the case.  Id.

On February 1, 2007, before the Government filed its Motion to Dismiss the Indictment, counsel for Smith filed an Objection to Dismissal and Demand for Speedy Trial.  In her Objection, Smith argued that the evidence produced by the Government in discovery was insufficient to establish a prima facie case on the charge alleged in the Indictment.  Later that same day, the Government filed a Motion to Dismiss the Indictment pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.  In support of its Motion, the Government argued "that additional information has been brought to [its] attention that requires further investigation and may warrant additional criminal charges."  See Mot. to Dismiss Indictment [Docket No. 21].  On February 2, 2007, the Government responded to Smith's objection.  On February 4, 2007, after reviewing the pleadings, the Motion of the Government was granted, and the Indictment was dismissed without prejudice over Smith's objection.  Smith now moves for reconsideration of that Order.

## II.  Discussion

In opposition to Smith's Motion for Reconsideration, the Government first argues that this Court is procedurally barred from reconsidering its prior Order dismissing Smith's Indictment. Although this argument is facially persuasive, the Court disagrees.

First, the United States Court of Appeals for the Fifth Circuit has held that the dismissal of an indictment without prejudice is not a "final judgment" and, therefore, is not appealable. See e.g. United States v. Welborn, 849 F.2d 980, 984 n.3 (5th Cir. 1988) ("A dismissal without prejudice is not a 'final judgment' for purposes of 28 U.S.C. § 1291 and ordinarily does not fall within the collateral order exception.  Appellate review of a dismissal without prejudice must therefore await a final judgment entered after re-indictment."). See also United States v. Jackson, 30 F.3d 572, 574 (5th Cir. 1994) (finding that a "dismissal without prejudice must await final judgment after re-indictment."). Instead, in cases in which a court dismisses an indictment without prejudice, over the objection of the defendant and without requiring the Government to submit sufficient reasons for dismissal, the defendant retains the right to challenge the dismissal in the event he or she is later re-indicted.  As explained in United States v. Welborn:

> If, despite a defendant's objection, the trial court fails to require the prosecutor to submit sufficient reasons and dismisses the indictment without prejudice, the defendant retains the right upon re-indictment to have the ruling reviewed.  In such a case, dismissal of the prior indictment should be re-characterized as with prejudice if, after considering any reasons newly furnished by the prosecution for having moved for dismissal, the defendant (1) overcomes the presumption of good faith or (2) has been prejudiced in his ability to attack the prosecutor's motives due to the trial court's failure to require submission of adequate reasons before dismissing the prior indictment.  This rule serves both the public interest in not having an otherwise legitimate

> prosecution barred by minor procedural errors and the defendant's interest in not being subjected to prosecutorial harassment. The delay and expense that ordinarily accompanies the process of dismissal and re-indictment is not relevant to the prejudice prong of this rule.

Welborn, 849 F.2d at 984. Thus, under Fifth Circuit precedent, it appears that the review of an Order dismissing an indictment without prejudice is to be undertaken by the judge to whom the defendant's second criminal case is assigned, and not by the appellate court. This Court, however, does not read this procedural precedent so broadly as to preclude the judge who first ordered the dismissal from reconsidering that Order.

Second, although the Federal Rules of Criminal Procedure are silent as to whether a court has the authority to reconsider a prior Order, the Fifth Circuit has explicitly recognized such authority. See e.g. United States v. Brewer, 60 F.3d 1142, 1143 (5th Cir. 1995) (finding that although a motion for reconsideration is "a judicial creation not derived from statutes or rules" it nevertheless extends the period of time in which to appeal a criminal conviction if timely filed). For these reasons, the Court finds that it may reconsider its prior Order dismissing Smith's Indictment without prejudice.

As regards a dismissal under Rule 48(a) of the Federal Rules of Criminal Procedure, the Fifth Circuit has found:

> Federal Rule of Criminal Procedure 48(a) provides that a government "attorney may by leave of court file a dismissal of an indictment." The "leave of court"

4

> requirement of Rule 48(a) has been interpreted to allow the courts to exercise discretion over the propriety of a prosecutorial motion to dismiss.  The primary purpose of this requirement is to prevent harassment of a defendant by charging, dismissing and re-charging without placing a defendant in jeopardy.  A prosecutor's request for dismissal is improper when it is made in bad faith.  Bad faith arises when the prosecution is motivated by considerations clearly contrary to the public interest and the public interest is not served by harassing a defendant.  When a court considers a prosecutor's motion to dismiss it must begin with the presumption that the prosecutor acted in good faith.  This presumption is rooted in a proper respect for the constitutional division of power between the executive and judicial branches of government.

Welborn, 849 F.3d at 983 (citations omitted).  Thus:

> Because Rule 48(a) requires an exercise of discretion, the court should not grant a contested motion to dismiss unless the prosecution furnishes more than a bare conclusion in support of its motion. Although the burden of proof is not on the prosecutor to prove that dismissal is in the public interest, the prosecutor is under an obligation to supply sufficient reasons – reasons that constitute more than a mere conclusory interest.  A bald statement that justice will be served by dismissal or that reindictment will be sought does not suffice.  Based on the prosecutor's statement of reasons and any response by defendant, the court should determine whether the presumption of good faith is overcome by an affirmative reason to believe that the dismissal motion was motivated by considerations contrary to the public interest.

Id. at 983-94 (citations omitted).

As evidenced above, the Fifth Circuit has found that the assertions "justice will be served by dismissal" or "re-indictment will be sought" are "bare conclusions," which are not sufficient to warrant a Rule 48(a) dismissal. See Welborn, 849 F.2d at 983.  See also United States v. Salinas, 963 F.2d 348, 352 (5th Cir. 1982). In the case *sub judice*, the Court finds that the Government

5

furnished more than "bare conclusions" in support of its Rule 48(a) Motion to Dismiss. Specifically, the Government moved for dismissal because it had received additional information that required further investigation, which in turn could warrant additional criminal charges. See Mot. to Dismiss Indictment [Docket No. 21]. Based on the pleadings before it, the Court finds that there does not exist an affirmative reason to believe that the Rule 48(a) Motion to Dismiss filed by the Government "was motivated by considerations contrary to the public interest." Accordingly, the Court finds that Smith did not overcome the presumption of good faith in favor of the Government, and that her Motion for Reconsideration should be denied.

### III.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motion to Reconsider Order Dismissing Indictment [Docket No. 25] is hereby denied.

SO ORDERED this the 13th day of November, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE

6